1

2

3

4

5

6

7       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE

9

10   In re:                              CASE NO. C09-1688JLR

11   TERESA A. PEQUIGNOT,                 Bankruptcy No. 08-18197TTG

12                    Debtor.             ORDER DENYING DEUTSCHE
                                          BANK'S MOTION TO DISMISS
13   TERESA A. PEQUIGNOT,                 APPEAL AND DENYING
                                          TERESA A. PEQUIGNOT'S
14                    Appellant,          MOTION FOR STAY PENDING
                                          APPEAL
15          v.

16   DEUTSCHE BANK NATIONAL
     TRUST COMPANY,
17
                     Appellee.
18

19        This matter comes before the court on the following motions: (1) Appellee

20   Deutsche Bank National Trust Company's ("Deutsche Bank") motion to dismiss

21   Appellant Teresa A. Pequignot's bankruptcy appeal, or in the alternative for an extension

22   of time to file its appellate brief (Dkt. # 8); and (2) Ms. Pequignot's motion for stay

ORDER - 1

1  pending appeal (Dkt. # 6).  Having considered these motions, as well as all papers filed in

2  support and opposition, and deeming oral argument unnecessary, the court DENIES

3  Deutsche Bank's motion to dismiss Ms. Pequignot's bankruptcy appeal and DENIES Ms.

4  Pequignot's motion for stay pending appeal.  Deutsche Bank shall file and serve its

5  appellate brief no later than 14 days after entry of this order.

6  ## I.    BACKGROUND

7       Ms. Pequignot filed a Chapter 13 bankruptcy petition on November 28, 2008

8  (Bankr. No. 08-18197TTG).  Deutsche Bank, the holder of a note evidencing Ms.

9  Pequignot's home loan obligation, subsequently filed a proof of claim, to which Ms.

10  Pequignot objected.  On November 2, 2009, the bankruptcy court denied Ms. Pequignot's

11  objection, and Ms. Pequignot immediately filed a notice of appeal.  After Deutsche Bank

12  elected to have the appeal heard by a district court, the Bankruptcy Appellate Panel

13  transferred Ms. Pequignot's appeal to this court.

14       While the appeal was pending, the bankruptcy trustee moved to dismiss Ms.

15  Pequignot's case, and Ms. Pequignot filed a motion for stay pending appeal.  On

16  February 11, 2010, the bankruptcy court denied Ms. Pequignot's motion for stay pending

17  appeal and dismissed her bankruptcy.

18       Following dismissal of her bankruptcy, Ms. Pequignot filed another motion for

19  stay pending appeal with this court (Dkt. # 6), and Deutsche Bank filed a motion to

20  dismiss Ms. Pequignot's appeal as moot, or in the alternative for additional time to file its

21  appellate brief (Dkt. # 8).

22

1                              II.     ANALYSIS

2    A.      Deutsche Bank's motion to dismiss Ms. Pequignot's bankruptcy appeal

3            The court cannot hear Ms. Pequignot's appeal if dismissal of her bankruptcy

4    rendered it moot.  U.S. CONST. art. III, § 2; *see also Cook Inlet Treaty Tribes v. Shalala*,

5    166 F.3d 986, 989 (9th Cir. 1999) (federal courts have no jurisdiction to hear a case

6    where no actual or live controversy exists).  "In the bankruptcy context the determination

7    of whether a case or controversy remains after the dismissal of a bankruptcy case hinges

8    on the question of how closely the issue in the case is connected to the underlying

9    bankruptcy."  *Spacek v. Thomen* (*In re Universal Farming Indus.*), 873 F.2d 1334, 1335

10   (9th Cir. 1989).  "When the issue being litigated directly involves the debtor's

11   reorganization the case is mooted by the dismissal of the bankruptcy."  *Spacek v.*

12   *Tabatabay* (*In re Universal Farming Indus.*), 873 F.2d 1332, 1332 (9th Cir. 1989).  Both

13   *Thomen* and *Tabatabay* involved disputes between creditors about the relative priorities

14   of their claims.  In both cases, the bankruptcy court ruled on the dispute, the losing

15   creditor appealed, and the underlying bankruptcy was dismissed while the appeal was

16   pending.

17           In *Tabatabay*, the Ninth Circuit held that the appeal was moot because no live

18   controversy remained.  Any controversy regarding the relative priority of the parties'

19   claims was "a purely hypothetical one" because, while the appeal was pending, the

20   appellant sold his promissory note to the appellee.  *Tabatabay*, 873 F.2d at 1334.  The

21   court recognized that a controversy might remain as to whether the appellee paid fair

22   value for the note, but there was, at the time of the appeal, "no allegation that an action

1  requiring such value to be determined either has or will be brought."  *Id.*  As such, any

2  opinion on the matter would be impermissibly advisory.  *Id.* (citing *Hall v. Beals,* 396

3  U.S. 45, 48 (1969)) (to avoid advisory opinions, courts must not hear a case that has lost

4  its character as a present, live controversy).

5      In *Thomen*, however, the same panel of the Ninth Circuit came to the opposite

6  conclusion.  There, creditors Spacek and Thomen both held trust deeds on a piece of the

7  bankruptcy debtor's real property.  Although Thomen held the prior trust deed, Spacek

8  argued that Thomen's trust deed was either invalid, or that it should be equitably

9  subordinated.  The bankruptcy court granted judgment to Thomen, and Spacek appealed.

10  The underlying bankruptcy was dismissed while Spacek's appeal was pending.

11      The Ninth Circuit held that dismissal of the underlying bankruptcy did not moot

12  Spacek's appeal because the relative priority of the trust deeds was an ancillary issue not

13  directly related to the debtor's reorganization.  *Thomen*, 873 F.2d at 1335 ("[I]f the issue

14  is ancillary to the bankruptcy, the dismissal of the petition does not necessarily cause the

15  case to become moot.").  Even in the absence of a bankruptcy, the Ninth Circuit

16  reasoned, "[t]he value of the claims . . . will depend in part on how many [other] claims

17  will precede them in a *potential* insolvency.  Thus, a legally cognizable interest in the

18  outcome survives the bankruptcy."  *Id.* at 1336 (emphasis added).

19      Deutsche Bank compares Ms. Pequignot's appeal to *Tabatabay*, but *Thomen*

20

21

22

1   controls.[1]  Even in the absence of a bankruptcy, the value of Deutsche Bank's claim

2   depends on Deutsche Bank's ability to enforce its note in the event of a *potential*

3   insolvency.  *See id.*  Since Ms. Pequignot asserts that Deutsche Bank is not entitled to

4   enforce the note *at all* (Resp. (Dkt. # 9) at 2),[2] the issue on appeal is "not so . . . closely

5   linked to the underlying bankruptcy that the dismissal . . . renders the case moot."

6   *Thomen*, 873 F.2d at 1335.  Furthermore, the dispute about the validity of Deutsche

7   Bank's claim is not a "purely hypothetical one," *Tabatabay*, 873 F.2d at 1334, because

8   Ms. Pequignot has indicated that she may file another bankruptcy or otherwise seek to

9   enjoin foreclosure of her home.  (Resp. at 5.)

10          The court concludes that Deutsche Bank has not established that the dismissal of

11   Ms. Pequignot's bankruptcy mooted her appeal.  *See Suter v. Goedert*, 504 F.3d 982, 986

12   (9th Cir. 2007) (burden to establish mootness lies on the party asserting it).  Deutsche

13   Bank's brief does not address *Thomen*.  Instead, Deutsche Bank asserts that a finding of

14   mootness would be "in accordance with the majority of other cases that have considered

15   the issue."  (Mot. at 4 (citing as an example *First Union Real Estate Equity & Mortgage*

16   *Invs. v. Club Assocs.* (*In re Club Assocs.*), 956 F.2d 1065 (11th Cir. 1992)).)  However, in

17   *In re Club Associates*, the court was primarily concerned with protecting third parties

18   _____

19          [1] Rather than addressing the *Thomen* / *Tabatabay* distinction, Ms. Pequignot argues that
     her appeal is not moot because it fits within the "capable of repetition, yet evading review"
     exception to the mootness doctrine.  Because this motion can be resolved based on *Thomen* and
20   *Tabatabay*, the court need not determine whether that exception applies.

21          [2] Ms. Pequignot asserts that Deutsche Bank has not proven that it is a "person entitled to
     enforcement" under RCW 62A.3-301 because Deutsche Bank has not produced the original note
22   evidencing Ms. Pequignot's obligation. (Resp. at 2.)  The court makes no determination as to the
     merits of Ms. Pequignot's assertion.

ORDER - 5

1    who had detrimentally relied on the debtor's reorganization plan, which by that time had

2    been substantially consummated.  956 F.2d at 1070.  In contrast, Ms. Pequignot's plan

3    was never confirmed, and was effectively vacated when her bankruptcy was dismissed.

4    *See Nash v. Kester* (*In re Kester*), 765 F.2d 1410, 1412-13 (9th Cir. 1985).  Therefore,

5    because Deutsche Bank has not met its burden to demonstrate mootness, the court denies

6    its motion to dismiss Ms. Pequignot's appeal.

7    **B.    Ms. Pequignot's motion for stay pending appeal**

8         "Where the bankruptcy court has already denied a stay[,] review is limited to a

9    simple determination of whether the bankruptcy court abused its discretion."  *Dynamic*

10   *Fin. Corp. v. Kipperman* (*In re N. Plaza, LLC*), 395 B.R. 113, 119 (Bankr. S.D. Cal.

11   2008) (citing *Wymer v. Wymer* (*In re Wymer*), 5 B.R. 802, 807 (B.A.P. 9th Cir. 1980)).

12   Ms. Pequignot has the burden of demonstrating that the bankruptcy court abused its

13   discretion.  *Wymer*, 5 B.R. at 808.

14        To facilitate the court's abuse-of-discretion review, a motion for stay that has been

15   denied by the bankruptcy court and made to the district court "shall show why the relief .

16   . . was not obtained from the bankruptcy judge."  Fed. R. Bankr. P. 8005.  Although Ms.

17   Pequignot correctly moved for a stay with the bankruptcy court first, she has not

18   complied with Rule 8005 because her motion to this court does not state the reasons why

19   the bankruptcy judge denied relief.  *See* 10 COLLIER ON BANKRUPTCY ¶ 8005.10 (15th

20   ed. 2007) ("Although Rule 8005 does not expressly require the bankruptcy judge to state

21   the reasons for [denying] a stay, its clear implication is that the applicant is entitled to

22   them upon request.").  Without such a statement, Ms. Pequignot cannot establish that the

ORDER - 6

1  bankruptcy court abused its discretion.  The court therefore denies Ms. Pequignot's

2  motion for stay pending appeal.[3]

3                    III.    CONCLUSION

4       For the foregoing reasons, the court DENIES Deutsche Bank's motion to dismiss

5  Ms. Pequignot's bankruptcy appeal (Dkt. # 8) and DENIES Ms. Pequignot's motion for

6  stay pending appeal (Dkt. # 6).  Deutsche Bank shall file and serve its appellate brief no

7  later than 14 days after entry of this order.

8       Dated this 19th day of April, 2010.

9

10

11  _____

12  JAMES L. ROBART
    United States District Judge

13

14

15

16

17

18

19

    _____

20
      [3] Because Ms. Pequignot has failed to meet this threshold requirement, the court makes
21  no determination as to her likelihood of success on the merits or the harm she asserts would
    result if the stay is denied.  *See Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983) ("The
22  standard for evaluating stays pending appeal is similar to that employed by district courts in
    deciding whether to grant a preliminary injunction.").