UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>TERESA A. PEQUIGNOT,<br><br>           Debtor.<br><br>TERESA A. PEQUIGNOT,<br><br>           Appellant,<br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>           Appellee. | CASE NO. C09-1688JLR<br><br>Bankruptcy No. 08-18197TTG<br><br>ORDER DENYING BANKRUPTCY APPEAL |

ORDER - 1

## I.   INTRODUCTION

This matter comes before the court on Teresa Pequignot's appeal pursuant to 28 U.S.C. § 158(a) and (b) of the bankruptcy court's denial of her objection to the secured claim of Appellee Deutsche Bank National Trust Company's ("Deutsche Bank") (Dkt. # 4).  Having considered the appeal, as well as all papers filed in support and opposition, and deeming oral argument unnecessary, the court DENIES Ms. Pequignot's appeal and AFFIRMS the bankruptcy court's order (Dkt. # 1-3) denying her objection.

## II.   BACKGROUND[1]

This is an appeal from a decision of the United States Bankruptcy Court for the Western District of Washington denying Ms. Pequignot's objection to Deutsche Bank's claim.  The bankruptcy court held that it was unnecessary for Deutsche Bank to present an original promissory note in order to support its claim, *see* RCW 62A.3-301, and that Ms. Pequignot did not properly rescind the mortgage pursuant to 15 U.S.C. § 1635.  Ms. Pequignot seeks reversal of the bankruptcy court's order on these issues.

Ms. Pequignot entered into a refinance mortgage loan with First Franklin Financial Corporation ("First Franklin") on November 15, 2005.  To secure the loan she signed a promissory note and a deed of trust.  The loan was a 30-year adjustable rate mortgage with a principal amount of $519,000, but was not used to acquire the property or for initial construction.  After Ms. Pequignot executed the note, it was sold and came to be serviced and purportedly held by FFMLT Trust 2006-FF3, for which Deutsche Bank acts

---

[1] The parties do not dispute the facts underlying Ms. Pequignot's appeal.

as trustee.

In July 2008, Ms. Pequignot received a notice of default for failure to pay the full amount due in April, May, and June 2008. Ms. Pequignot argued that the interest rate on the note reset on her loan in April 2008, approximately eight months before it was contractually due to reset. Ms. Pequignot continued to pay the pre-adjustment rate, which caused her to default on the loan.

In October 2008, Ms. Pequignot attempted to rescind the loan pursuant to 15 U.S.C. § 1635 and sent three notices of rescission dated October 17, 2008, November 10, 2008, and November 12, 2008. Deutsche Bank did not acknowledge the notices of rescission. Ms. Pequignot filed a Chapter 13 bankruptcy petition on November 28, 2008 (Bankr. No. 08-18197TTG). Deutsche Bank, as holder of the note evidencing Ms. Pequignot's home loan obligation, subsequently filed a proof of claim, to which Ms. Pequignot filed an objection. Ms. Pequignot argued that Deutsche Bank could not prove that it was the holder of the note to her property because it had not produced the original note. The bankruptcy court was not persuaded by this argument.

On November 2, 2009, the bankruptcy court denied Ms. Pequignot's objection, and Ms. Pequignot thereafter filed this appeal. After Deutsche Bank elected to have the appeal heard by a district court, the Bankruptcy Appellate Panel transferred Ms. Pequignot's appeal to this court. While the appeal was pending, the bankruptcy trustee moved to dismiss Ms. Pequignot's bankruptcy, and Ms. Pequignot filed a motion for stay pending appeal. On February 11, 2010, the bankruptcy court denied Ms. Pequignot's motion for stay pending appeal and dismissed her bankruptcy.

Following dismissal of her bankruptcy, this court also denied Ms. Pequignot's motion for stay of the dismissal pending appeal (Dkt. # 11), and denied Deutsche Bank's motion to dismiss Ms. Pequignot's appeal as moot (*id.*).  After affording Deutsche Bank additional time to file a response to Ms. Pequignot's appeal and for her to reply, the appeal is now ripe for this court's consideration.

## III.   ANALYSIS

**A.   Standard of Review**

The standard of review to be utilized by the district court on appeal from a bankruptcy court is to review the bankruptcy court's legal conclusions de novo and its factual determinations for clear error.  *Neilson v. Chang* (*In re First T.D. & Inv., Inc.*), 253 F.3d 520, 526 (9th Cir. 2001).

**B.   Ms. Pequignot Did Not Timely Rescind Her Loan**

Ms. Pequignot argues that the bankruptcy court erred in not extending her right to rescission from three days to three years pursuant to *Miquel v. Country Funding Corp.*, 309 F.3d 1161, 1163 (9th Cir. 2002).  With respect to an obligor's right to rescind, the Truth in Lending Act ("TILA") provides that

> in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction *until midnight of the third business day* following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.  The creditor shall clearly

       and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.

15 U.S.C. § 1635 (emphasis added). Ms. Pequignot contends that under the Ninth Circuit's teachings in *Miguel*, the bankruptcy court should have extended the rescission period to three years.

       The court declines to find error in the bankruptcy court's application of the three-day rescission period. In *Miguel*, the Ninth Circuit extended Estrellita Miguel's right to rescind the loan to three years because the bank failed to give her proper notice of her rescission rights at the time of closing. 309 F.3d at 1163. Here, Ms. Pequignot does not contend that she was not given proper notice; she only claims error by the bankruptcy court for failing to make findings "as to whether the necessary circumstances were met to extend the three day period to three years." (Appeal at 6.) Without some evidence—or even argument—that she was not informed of her right of rescission at the time of closing, the court does not find any error by the bankruptcy court in denying her claim that she rescinded her loan.

**C.    Deutsche Bank is Entitled to Enforce the Note**

       Ms. Pequignot also contends that the bankruptcy court erred in finding that Deutsche Bank was the holder of the note and therefore entitled to enforce it. Pursuant to RCW 62A.3-301, a person is entitled to enforce an instrument if they are the "holder of the instrument . . . ." Here, the original Promissory Note executed by Ms. Pequignot on November 9, 2005 was payable to "First Franklin, A Division of Nat. City Bank of In." Subsequently the note was specially indorsed to First Franklin Financial Corporation, and

ORDER - 5

thereafter indorsed in blank by First Franklin Financial Corporation. Under RCW 62A.3-205(b), "[i]f an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."

According to Deutsche Bank, the original note, indorsed in blank, was transferred to it and is presently in the possession of its attorneys, who have provided color scan copies of the original note to both Ms. Pequignot and the court. (*See* Exhibit A to the Appendix (Dkt. # 12).) Deutsche Bank also agreed to produce the note to Ms. Pequignot at the office of its attorneys. Ms. Pequignot did not respond to Deutsche Banks' offer but rather changed her argument as to the enforceability of the note. Ms. Pequignot now argues that there are two conflicting notes and there is a "factual issue on which note should actually be enforced." (Reply (Dkt. # 13) at 5.) Ms. Pequignot contends that the notes are conflicting because one copy shows the indorsements in the allonge and the other copy shows the indorsements on the signature page. Ms. Pequignot cites no evidence to support her "conflicting notes" theory. Moreover, because this new argument was contained in her reply brief, Deutsche Bank has not had the opportunity to respond to it. The court nevertheless is satisfied that Deutsche Bank has come forth with sufficient evidence that it has standing to enforce the note. *See Fidelity and Deposit Co. of Maryland v. Ticor Title Ins. Co.*, 943 P.2d 710 (Wn. App. 1997). The bankruptcy court therefore correctly overruled Ms. Pequignot's objection to Deutsche Bank's claim based on her contention that it was not the holder of the note.

### IV.   CONCLUSION

For the foregoing reasons, the court DENIES Ms. Pequignot's appeal (Dkt. # 4) and AFFIRMS the bankruptcy court's order denying her objection.

Dated this 10th day of September, 2010.

/s/ James L. Robart

JAMES L. ROBART
United States District Judge

ORDER - 7